UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5:13-020-DCR |
| V. | ) ) | |
| BRIAN JERMAINE WASHINGTON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Brian Washington has moved the Court to modify his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 72] Washington pleaded guilty on June 12, 2013, to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1). [Record Nos. 6 and 20] He was sentenced on February 6, 2014, to a total term of imprisonment of 280 months, to be followed by 5 years of supervised release. [Record No. 52] Proceeding *pro se*, Washington now requests a modification of his sentence based on claims of "extraordinary and compelling reasons" pursuant to § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("the Act"), Pub. L. 115-391, § 603(b)(1), 132 Stat. 5194 (2018). [Record No. 72]

It is unclear whether Washington has sufficiently exhausted administrative remedies as required by § 3582(c)(1)(A). Prior to the Act's passage, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) "compassionate release" motion on behalf of an incarcerated defendant. 18 U.S.C. § 3582(c)(1)(A) (2002). The Act amended the subsection

to permit a defendant to file such a motion, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A) (2018); *see also*, *e.g.*, *United States v. Lake*, No. 5: 16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019). Washington alleges that he has exhausted all administrative remedies. [Record No. 72, p. 3] However, he has not alleged that: (i) he has administratively appealed the BOP's failure to file a § 3582 motion upon his request; (ii) the warden of his facility failed to act within 30 days of receiving a request for a § 3582 motion; or (iii) he made such a request of BOP officials in the first place. Without further information, the Court cannot determine whether Washington has sufficiently exhausted administrative remedies. Regardless, Washington's motion is without merit and will be denied for that reason.

Washington cites *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019), for the proposition that after the passage of the Act, "nothing in the statutory text of 3582(c)(1), nor the Sentencing Guidelines, precludes a judge from making [his] own determination of what are 'extraordinary and compelling' circumstances warranting a reduction of sentence." [Record No. 72, p. 2] The *Cantu* court found that the Application Note of a United States Sentencing Commission policy statement addressing "other" extraordinary and compelling reasons for compassionate release, United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. n. 1(D) (2018), is incompatible with the Act. *Cantu*, 2019 WL 2498923, at *3-5. The court based its ruling on the fact that the Act enables defendants to seek § 3582(c) relief without a BOP motion in some circumstances, whereas the older policy statement note only allows the BOP to determine "other reasons" for

compassionate release. *Id. Cantu* concluded that federal courts, rather than the BOP, can now "determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n. 1(A)-(C) warrant granting relief." *Id.* at *5.[1]

Washington requests that the Court recognize this new authority and exercise it by granting compassionate release. His stated "other reason" for § 3582(c)(1) relief is that "[h]e has an ideal prison record and is the prototype of a successfully rehabilitated individual." [Record No. 72, p. 4] Washington supports his motion with descriptions of impressive academic achievements and exemplary conduct. *Id.* at p. 3. He also produces prison records to that effect. *Id.* at pp. 6-7.

While the Court is aware that the Sentencing Commission has not revised U.S.S.G. § 1B1.13 cmt. n. 1(D) since the Act's passage, it cannot grant relief here.[2] Title 28 of the United States Code, section § 994(t) -- a subsection unaltered by the Act -- provides that while the Sentencing Commission shall promulgate policy statements concerning the definition of "extraordinary and compelling reasons," "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Application Note 3 of the relevant Sentencing Commission policy statement consequently states: "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and

---

[1] Application Note 1 also provides that medical condition of the defendant, age of the defendant, and family circumstances are "extraordinary and compelling" reasons in certain instances. U.S.S.G. § 1B1.13 cmt. n. 1(A)-(C). Washington does not allege that he is entitled to compassionate release under these provisions.

[2] Indeed, the Sentencing Commission does not have the present ability to revise this guideline provision. Since the Act's passage, the United States Sentencing Commission has effectively maintained two voting Commissioners. Four affirmative votes are required to revise or add to the United States Sentencing Guidelines.

compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n. 3. The language of § 994(t) evidences clear congressional intent to bar relief based on rehabilitation alone, and no provision of the Act indicates that courts should disregard the corresponding Application Note 3. Further, this Court has previously endorsed the continued authority of U.S.S.G. § 1B1.13 after the Act's passage. *See Lake*, 2019 WL 4143293, at *2-3.

In short, Washington's rehabilitation is an insufficient basis for § 3582(c)(1)(A)(i) relief. It is unclear whether *Cantu* stands for the proposition that courts may now grant compassionate release based on *any* reason they find to be "extraordinary and compelling," including rehabilitation alone. *See Cantu*, 2019 WL 2498923, at *3 n. 6 (citing 28 U.S.C. § 994(t)). But to the extent it does, this Court expressly declines to follow its reasoning.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Brian Washington's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Record No. 72] is **DENIED**.

Dated: November 21, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky