UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-020-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN JERMAINE WASHINGTON, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Brian Washington has filed a motion for reconsideration of the Court's November 21, 2019, order denying his prior motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 79] Washington requests that the Court revisit its order because the COVID-19 outbreak at FCI Elkton (his current place of incarceration) constitutes a new "extraordinary and compelling reason" for release when considered alongside his high blood pressure. The Court will deny the motion for several reasons.

First, Washington's pending motion is untimely. A § 3582(c) motion "is considered a continuation of [] criminal proceedings." *United States v. Wooley*, No. 16-392, 2017 WL 3613318, at *2 (6th Cir. 2017) (citations omitted). Therefore, any motion for reconsideration of a § 3582(c) motion must be made "no later than fourteen days after the challenged order is entered," the same timeframe to appeal such an order. *Id.* (citing Fed. R. App. P. 4(b)(1)(A); *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011); *United States v. Correa-Gomez*, 328 F.3d 297, 299 (6th Cir. 2003)). Washington did not file his motion for reconsideration within fourteen days of the November 21, 2019 order. Instead, he appealed

the decision, and his appeal was dismissed upon his motion for voluntary dismissal on February 21, 2020. [Record No. 78] His motion for reconsideration is dated April 6, 2020, and is untimely.

Further, Washington acknowledges that he has not exhausted his administrative remedies as required by § 3582(c)(1)(A). [Record No. 79] He asserts that exhaustion is not required to grant compassionate release under circumstances related to the COVID-19 outbreak and cites a recent order from the United States District Court for the Southern District of Texas, *United States v. Brannan*, No. 4: 15-cr-80-01, 2020 WL 1698392, at *1 (S.D. Tex. Apr. 2, 2020), for this proposition. To the extent other district courts have waived the exhaustion requirement, the Court declines to follow these determinations here. Section 3582(c)(1)(A) explicitly limits courts' abilities to reduce a term of imprisonment or grant compassionate release. Courts may only do so under the statute, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As Washington brings the motion himself and concedes that he has not exhausted administrative remedies, the Court cannot grant the relief requested.

Additionally, Washington has failed to assert an "extraordinary and compelling reason" for compassionate release as required by § 3582(c)(1)(A)(i). The statute requires that a sentence reduction or compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 policy statement

provide, *inter alia*, that for the purposes of a § 3582(c)(1)(A)(i) motion, "extraordinary and compelling reasons" justifying compassionate release fall into four narrow categories: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1(A)-(D). This Court has recognized the continued authority of these categories (in this case and others) following the enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. [Record No. 73; *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *3 (E.D. Ky. Mar. 27, 2020); *United States v. Lake*, No. 5: 16-076-DCR, 2019 WL 4143293, at *2-3 (E.D. Ky. Aug. 30, 2019)] Washington's high blood pressure and COVID-19 concerns do not constitute a sufficiently serious medical condition for the purposes of § 1B1.13,[1] and it does not appear that this ground for reconsideration and relief falls into

---

[1] Specifically, the application notes provide that extraordinary and compelling reasons for compassionate release based on the "medical condition of the defendant" include circumstances where:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A).

any of the other three categories of extraordinary and compelling reasons that may justify compassionate release. Accordingly, it is hereby

**ORDERED** that Defendant Brian Washington's motion for reconsideration of the Court's November 21, 2019 order denying compassionate release [Record No. 79] is **DENIED**.

Dated: April 14, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky