UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 13-020-DCR |
| V. | ) ) | |
| BRIAN JERMAINE WASHINGTON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Brian Jermaine Washington pleaded guilty in 2013 to one count of possessing with intent to distribute crack cocaine and one count of using a firearm in relation to drug trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 924(c)(1), respectively. [Record Nos. 6, 20] Washington was later sentenced in 2014 to 280 months' of imprisonment, followed by 5 years of supervised release. [Record No. 52] He has now filed a motion to reduce his sentence pursuant to Title 18 § 3582(c) and the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). [Record No. 91]

Washington does not specify which First Step Act provision entitles him to relief, but he argues the Court has authority to consider factual and legal changes that have occurred since his original sentencing. [*Id.* at 2-4] Specifically, he contends that he no longer qualifies as a career offender under Amendment 798 to the Sentencing Guidelines, which was adopted in 2016. [*Id.* at 2-3] Washington also claims that the Court should consider his post-sentencing good behavior as warranting a sentence reduction. [*Id.* at 3-4]

In response, the United States argues that Washington is not entitled to relief under the First Step Act because he was sentenced under the Fair Sentencing Act of 2010 ("FSA"). [Record No. 93, p. 2] And even if Washington were eligible for relief under another provision of the First Step Act, the government claims that his sentence should not be reduced because he remains a career offender under the United States Sentencing Guidelines. [*Id.* at 3-4] In his reply, Washington clarifies that he is not requesting relief under section 404 of the First Step Act, which made the FSA retroactive. Instead, he appeals to the Court's authority to consider intervening changes in the law, as described by the Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). [Record No. 94, pp. 1-2]

Federal courts enjoy broad discretion at initial sentencing hearings, but Congress has limited their ability to modify a final federal sentence only "to the extent . . . expressly permitted by statute." 18 U.S.C. § 3582(c). Under Title 18 U.S.C. § 3582(c)(1)(A), a defendant may move a sentencing court to reduce his sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." A court may reduce a defendant's sentence if: (1) it finds that "extraordinary and compelling reasons" support a reduction; (2) a reduction "is consistent with applicable policy statements issued by the [United States] Sentencing Commission"; and (3) the court considers "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020) (citing *Id.*)). Compassionate-release motions may be denied "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Section 3582(c) does not define what constitutes an extraordinary

and compelling circumstance warranting a sentence reduction. As such, district courts have "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *See United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).

Here, Washington does not allege that he exhausted administrative remedies with the Bureau of Prisons. But regardless, he has not demonstrated an extraordinary or compelling circumstance justifying relief.

Washington first argues that a change to the definition of "career offender" in Amendment 798 to the Sentencing Guidelines is an extraordinary and compelling circumstance justifying a sentence reduction. [Record No. 91, p. 1-2] However, the amendment does not constitute an extraordinary and compelling circumstance in Washington's case because it does not alter his status as a career offender.

Under the current guidelines, a defendant qualifies as a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (U.S. Sent'g Comm'n 2022). The following section explains what constitutes a "crime of violence" under § 4B1.1(3):

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession

>of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2 (2022). Amendment 798 altered the list of predicate offenses in § 4B1.2 that would render a defendant to be a "career offender" and therefore subject to certain sentence enhancements. *See* U.S.S.G. Supp. to App. C, Amdt. 798 (eff. date Aug. 1, 2016). Specifically, the amendment moved the list of enumerated offenses in § 4B1.2 from the application note to the guideline to the text of the guideline. *See id.* Washington capitalizes on that shift, arguing that because the Court originally found him to be a career offender based on the note (rather than the body of the text itself) he somehow no longer qualifies as a career offender. [*See* Record No. 91, pp. 2-3 (citing Record No. 56, p. 7 ("Washington's prior conviction for trafficking in controlled substances qualified as a 'controlled substance offense' in § 4B1.2(b), and his prior conviction for robbery under Texas law qualified as a crime of violence under the 'enumerated' clause of §4B1.2(a)(2). While U.S.S.G. § 4B1.2(a)(2) identifies only "burglary of a dwelling, arson, or extortion" as enumerated offenses, the commentary also identifies 'robbery.'")).]

The undersigned rejects Washington's argument, as he qualifies as a career offender with or without Amendment 798. Washington is a career offender under § 4B1.1 because he (1) was over 18 years old at the time of his current conviction; (2) was convicted of possession with intent to distribute cocaine, a felony-controlled substance offense; and (3) he has had two prior felony convictions: felony possession of a controlled substance and robbery. [Record No. 60, pp. 7-9] Amendment 798 may have moved the applicable guidelines language, but that shift did not alter the substance of the requirements as applied to Washington. Because he is

a career offender under either version of the guidelines, his claim for a sentence reduction due to a guidelines change is without merit.

Next, Washington asks that the Court reduce his sentence based on his efforts to rehabilitate and become a "productive member of society." [Record No. 91, p. 3] Again, he does not specify which statutory provision authorizes the Court to grant his requested relief. [*Id.* at 3-4] Washington appears to suggest that his good behavior constitutes an extraordinary circumstance under 18 U.S.C. § 3582(c), an argument that this Court rejects. Washington's efforts at rehabilitation during his incarceration, while commendable, do not warrant a sentence reduction under § 3582(c). *See United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021) (citing *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020)) (finding that "rehabilitation alone does not provide a proper basis for relief" under § 3582(c)); *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *4 (E.D. Ky. Dec. 29, 2020) (same); *see also* U.S.S.G. § 1B1.13 cmt. n. 3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").

In summary, Washington has not shown that either Amendment 798 to the guidelines or his good behavior constitute an extraordinary circumstance warranting a sentence reduction. Because Washington fails to satisfy the first requirement for obtaining relief under § 3582(c), it is hereby

**ORDERED** that the defendant's motion [Record No. 91] is **DENIED**.

- 6 -

Dated: September 13, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 6 -