UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-020-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN JERMAINE WASHINGTON, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | |

*** *** *** ***

Defendant Brian Washington pleaded guilty in 2013 to one count of possessing with the intent to distribute crack cocaine and one count of using a firearm in relation to drug trafficking in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), respectively. [Record Nos. 6, 20] He was later sentenced to 280 months' imprisonment. [Record No. 52] Washington recently filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 814 to the United States Sentencing Guidelines. [Record No. 100] The motion will be denied because Washington has failed to identify an extraordinary or compelling justification to reduce his sentence.

After exhausting administrative remedies, a prisoner seeking compassionate release must show: (1) extraordinary and compelling circumstances warrant a sentence reduction; (2) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable; and (3) such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission ("Sentencing Commission"). *See United States v. Jones*, 980 F.3d 1098, 1107-8, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)

(amended 2018)).[1]  The Sentencing Commission recently adopted a policy statement that applies when a defendant (as opposed to the Bureau of Prisons) files a motion for compassionate release.[2]  Amendment 814 broadens the medical and familial circumstances that can constitute an "extraordinary and compelling" reason justifying a defendant's compassionate release.  *See* U.S.S.G. Amend. 814, eff. Nov. 1, 2023.  This amendment also includes a catchall provision, allowing defendants to present "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described" are "similar in gravity." [*Id*.]  Therefore, the Court considers whether a defendant can show an extraordinary and compelling circumstance justifying a sentence reduction pursuant to this expansion, as well as whether the § 3553(a) factors favor relief.

Washington's primary claim is that the disparity between crack and powder cocaine sentencing amounts to an "other circumstance" as part of Amendment 814's expansion of extraordinary and compelling reasons to reduce an inmate's sentence.  He cites changes in the law—specifically, passage of the Fair Sentencing Act of 2010—as evidence that Congress reduced the disparity based on a "reception of unfairness." [Record No. 100] Washington also points to recent consideration of the EQUAL Act, a bill to eliminate the sentencing disparity entirely, that Congress has debated but not adopted in recent years as support for the notion

---

[1]   Prior to enactment of the First Step Act of 2018, only the United States Bureau of Prisons could request compassionate release on a defendant's behalf. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)).  The First Step Act, however, eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act.  [*Id*.]

[2]   United States Sent. Comm'n, *2023 Amendments to the Sentencing Guidelines*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

that federal lawmakers continue to view the sentencing disparity as "very extraordinary and compelling." [*Id.*] In other words, Washington believes he received a higher sentence for possessing crack cocaine than if federal law had treated sentences for crack and powder cocaine offenses equally.

However, the adoption of Amendment 814 does not render the existing sentencing disparity between crack and powder cocaine offenses as extraordinary and compelling that would support judicial modification of Washington's sentence. As a general matter, any changes to sentences for crack and powder cocaine offenses remains the responsibility of Congress—not a federal court. *See Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) (Congress "may not transfer to another branch powers which are strictly and exclusively legislative.") Washington correctly acknowledges that the Fair Sentencing Act transformed the statutory sentencing regime for cocaine-related offenses prior to his sentencing by significantly reducing the sentencing disparity, but a difference in the treatment of crack versus powder cocaine offenses remains intact as a matter of law. Congress has not passed any other legislation in the intervening period, including the EQUAL Act, to further reduce the sentencing disparity that would impact Washington's sentence for possessing the crack form. In essence, the defendant asks the Court to do what Congress has so far refused since 2010. While it is true that Amendment 814 seeks to expand the circumstances that would justify an inmate's compassionate release, the "any other circumstance" catchall provision simply does not permit the federal judiciary to substitute the elected legislature's policymaking judgment with its own. Further, the absence of congressional action in this realm does not match the "gravity" of the amendment's specified reasons that now explicitly constitute an extraordinary and compelling reason, such as a defendant's medical condition requiring long-term care or

modified family circumstances. In short, the crack and powder cocaine sentencing disparity that exists today, which is a legislative choice by nature, cannot constitute an extraordinary and compelling reason to justify a reduced sentence for Washington.

Next, Amendment 814 likewise does not alter Washington's status as a career offender. Washington was sentenced under the Fair Sentencing Act shortly after its passage, and this Court determined that he was a career offender under § 4B1.1. Washington was: (1) over 18 years old at the time of his instant conviction; (2) convicted of possession with intent to distribute cocaine, a felony-controlled substance offense; and (3) had two prior felony convictions at the time of sentencing (felony possession of a controlled substance and robbery). [Record No. 60, pp. 7-9] The Sentencing Guidelines assign career offenders like Washington to Criminal History Category VI and offense levels at or near the statutory maximum penalty to reflect the seriousness of their repeated criminal conduct. Washington remains a career offender under federal law and no recent changes in law alter this designation.

Finally, Washington appears to suggest that his good behavior constitutes an extraordinary circumstance under 18 U.S.C. § 3582(c). This is an argument that this Court once again rejects. Washington notes that he has "taken advantage of the opportunities to rehabilitate himself" and has "gained the education and job skills to support himself and his family" upon release from custody. [Record No. 100] His efforts at rehabilitation during his incarceration are commendable, but they do not warrant a sentence reduction under § 3582(c). *See United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021) (citing *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020)) (finding that "rehabilitation alone does not provide a proper basis for relief" under § 3582(c)); *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *4 (E.D. Ky. Dec. 29, 2020) (same); see also U.S.S.G. § 1B1.13 cmt. n. 3

("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Defendants nationwide routinely participate in rehabilitative programs to increase their post-incarceration opportunities, but courts within the Sixth Circuit generally do not consider rehabilitation as extraordinary. *See United States v. McCall*, 56 F.4th 1048, 1056 (6th Cir. 2022) ("What is ordinary…is not extraordinary. And what is routine…is not compelling.").

In summary, Washington has not shown that Amendment 814 to the Sentencing Guidelines or his participation in rehabilitative programs constitute an extraordinary and compelling circumstance warranting a sentence reduction. In addition, his status as a career offender and the seriousness of his instant offense, which included use of a firearm for the purpose of drug trafficking, in combination with the need to promote respect for the law and provide adequate deterrence from participating in future criminal activity, lend support to the conclusion that the § 3553(a) factors counsel against granting his motion.

Because Washington fails to satisfy the requirements for obtaining relief under § 3582(c), it is hereby

**ORDERED** that Defendant Washington's *pro se* motion for a sentence reduction pursuant to pursuant to 18 U.S.C. § 3582(c) and Amendment 814 to the United States Sentencing Guidelines [Record No. 100] is **DENIED**.

Dated: January 10, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky