UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-020-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRIAN JERMAINE WASHINGTON, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Brian Washington pleaded guilty in 2013 to one count of possession with intent to distribute crack cocaine and one count of using a firearm in relation to drug trafficking in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1), respectively.  [Record Nos. 6, 20]  Washington was sentenced in 2014 to 280 months of imprisonment, to be followed by five years of supervised release.  [Record No. 52]  Washington previously filed an unsuccessful *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 814 to the United States Sentencing Guidelines ("Sentencing Guidelines").  [Record No. 100]  He has now filed a *pro se* motion to reconsider the denial of his motion.  [Record No. 102]  Washington's current motion will be denied because has failed to identify a clear error of law or a need to prevent manifest injustice.

Washington moves the Court to reconsider its denial of his motion for a sentence reduction under Rule 59(e) of the Federal Rules of Civil Procedure.  While the civil rules do not apply directly, motions to reconsider "are permitted in criminal cases as ordinary elements of federal practice."  *United States v. Banks*, No. 21-5382, 2021 U.S. App. LEXIS 26751, at

- 1 -

*4 (6th Cir. Sept. 2, 2021) (citation omitted).  District courts routinely review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e).  *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  This allows the Court to alter or amend its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

Here, Washington again alleges that the sentencing disparity between crack and powder cocaine falls into the catchall provision of Amendment 814 that expands the type of extraordinary and compelling circumstances potentially justifying a sentence reduction.[1] *See* U.S.S.G. Amend. 814, eff. Nov. 1, 2023.  This provision allows defendants to present "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described" are "similar in gravity" to the explicitly defined medical and familial circumstances that may offer relief.  [*Id.*]

In moving the Court to reconsider its earlier decision, Washington takes issue with the Court's declaration that the sentencing disparity between crack and powder cocaine offenses is a legislative decision by nature and that Congress—not a federal court—has the primary responsibility of addressing the disparity as a policy matter.  [Record No. 101]  He broadly claims that the undersigned failed to properly recognize the Court's discretion to reduce his sentence under Amendment 814 by citing a series of Sixth Circuit cases that reprimand a sentencing court for improperly "concluding that their courtrooms are the wrong forum for

---

[1]     United States Sent. Comm'n, 2023 Amendments to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

- 2 -

setting a crack-to-powder ratio." *See United States v. Johnson*, 407 F. App'x 8, 12 (6th Cir. 2010). In effect, Washington argues that this Court's denial of his motion for a sentence reduction amounted to treatment of the crack cocaine Sentencing Guidelines as mandatory. *See generally United States v. Herder*, 594 F.3d 352, 363 (4th Cir. 2010) (finding when a district court uses the Guidelines ratio because Congress has decided that that's an appropriate ratio, it has failed to recognize its discretion to sentence outside the crack cocaine Guidelines) (quotations omitted). The glaring defect, however, is that the case law Washington cites applies to district courts *at the time of sentencing*.[2] Indeed, the Sixth Circuit "presume[s] that the district court [understands] its authority to categorically reject the Guidelines on policy grounds in the absence of any indication to the contrary, at least where it ha[s] the opportunity to consider an argument in favor of such a rejection or its authority to do so was clearly established at the time of sentencing." *See United States v. Staten*, 435 F. App'x. 422, 425 (6th Cir. 2011); *see also United States v. Simmons*, 587 F.3d 348, 365–66 (6th Cir. 2009) ("[T]he disparate treatment of crack and powder cocaine advised by the Guidelines is not per se unreasonable or unconstitutional.").

---

[2] In a case decided after *Johnson*, a defendant unsuccessfully claimed a procedural deficiency in his sentence "because the district judge did not recognize his power to vary from the Guidelines specifically on policy grounds" at the time of sentencing. *See United States v. Buckholz*, 686 F. App'x 358, 360 (6th Cir. 2017). The Sixth Circuit determined that a judge at sentencing who, for example, "explicitly acknowledged the Guidelines were not mandatory, and that he could vary or depart, and demonstrated his appreciation of that fact by reducing [the defendant's] criminal history category and, as a result, his Guidelines range" properly exercised the discretion afforded to him. [*Id*. at 362] That case also highlighted a key defect of the sentencing judge in *Johnson*, which was that the judge believed that "the [c]ourt must apply the guidelines" during the sentencing hearing. [*Id*.] No such claim regarding the defendant's sentencing hearing is (or could be) made here.

- 3 -

But that does not mean that the sentencing disparity between crack and powder cocaine necessarily must rise to the level of an "extraordinary and compelling" circumstance under Amendment 814. *See United States v. McCall*, 56 F.4th 1048, 1055 (6th. Cir. 2022) (noting that extraordinary, for example, means "most unusual" and "far from common"). As explained previously, Amendment 814's catchall provision does not allow courts to short circuit Congress or otherwise provide judges with a license to modify existing federal law carte blanche. It provides only the ability to reduce a defendant's sentence if a mere circumstance, meaning an unexpected change in a condition "similar in gravity" to a medical or familial issue, weighs in favor of relief. The foregoing sentencing disparity, however, is simply dissimilar in gravity. *See United States v. Morgan*, 657 F. Supp. 3d 976, 981 (E.D. Mich. 2023) (concluding that the cocaine sentencing disparity is not grounds for compassionate release and noting that "a bill that has not passed even one chamber of Congress and has unclear retroactivity is neither extraordinary nor compelling."); *United States v. Martin*, 2023 WL 3866342 (N.D. Ohio June 7, 2023) (finding that a claim of unfair penalty for a crack cocaine sentence under the Sentencing Guidelines did not rise to an extraordinary and compelling circumstance justifying compassionate release).

Next, Washington once again points to his rehabilitation efforts and lessons learned during incarceration. He believe this amounts to adequate deterrence against engaging in further criminal activity. The undersigned emphasizes that his efforts at rehabilitation are commendable. However, they do not warrant a sentence reduction under § 3582(c) without an accompanying "extraordinary and compelling" circumstance. *See United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021) (citing *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020)) (finding that "rehabilitation alone does not provide a proper basis for relief" under §

3582(c)).  Defendants nationwide routinely participate in rehabilitative programs to increase their post-incarceration opportunities, but courts within the Sixth Circuit generally do not consider rehabilitation extraordinary by itself.  *See United States v. McCall*, 56 F.4th 1048, 1056 (6th Cir. 2022) ("What is ordinary…is not extraordinary. And what is routine…is not compelling.").  And finally, as Washington concedes, his status as a career offender remains unchanged.

The undersigned concludes that he has not shown that the Court committed a clear error of law or has allowed manifest injustice by refusing to reduce the defendant's original sentence.  Therefore, it is hereby

**ORDERED** that Defendant Washington's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure [Record No. 102] is **DENIED**.

Dated:  January 26, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky